# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALEJANDRO MARTINEZ, <br> Petitioner, <br> v. <br> UNITED STATES OF AMERICA, <br> Respondent. | Case No.: 3:14-cr-01857-GPC <br> 3:16-cv-02324-GPC <br><br> **ORDER DENYING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE** <br><br> **[DKT. NO. 125.]** |

Michael Alejandro Martinez's ("Petitioner") filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on September 12, 2016. (Dkt. No. 125 (filed nunc pro tunc).) Petitioner urges this Court to retroactively apply a two-point reduction to his sentence because under Amendment 794—which, passed after his conviction, amended the commentary to the minor role reduction guideline in U.S.S.G. § 3B1.2—he played a minor role in the drug trafficking offense for which he was convicted. (*Id.*) The Court provisionally appointed counsel to Petitioner, and counsel filed a supplemental motion on March 13, 2017. (Dkt. No. 128.) On July 7, 2017, the Government filed an opposition urging the Court to deny Petitioner's motion on the merits. (Dkt. No. 136.) For the reasons set forth below, the Court **DENIES** Petitioner's motion to vacate or correct his sentence.

1

## I. BACKGROUND

After a long-term investigation conducted by the U.S. Drug Enforcement Administration ("DEA") and foreign law enforcement agencies, Petitioner and his uncle, David James Martin, were charged with conspiracy to distribute 500 grams or more of methamphetamine and 1 kilogram or more of heroin, in violation of federal law.[1] On October 21, 2014, Petitioner plead guilty to Count 1 of the Indictment.[2] (Dkt. Nos. 42, 43.) On August 14, 2015, this Court held a sentencing hearing. Relevant to the current proceeding, the Court rejected Petitioner's request for a minor-role adjustment under USSG § 3B1.2. The Court pointed to the facts that (1) Petitioner had shipped "on multiple occasions multi-kilograms of methamphetamine, and then was observed [with] or possessed a briefcase with the 3.5 kilograms of methamphetamine and 1.4 kilograms of heroin that were going to be also shipped"; (2) Petitioner was "also involved in money pickups in 2012"; (3) after certain seizures of narcotics, Petitioner spoke on the telephone with other co-conspirators about the seizures; and (4) Petitioner's involvement in the drug-trafficking organization spanned a significant amount of time. (Sent. Tr. at 21–22.) Based on those facts, the Court concluded that Petitioner understood that the "scope and

---

[1] Recounted in more detail in the Government's opposition, "the investigation . . . revealed that through approximately May 2014, co-defendant Martin, and his nephew—[Petitioner]—among others, were members of a drug transportation organization ("DTO") contracted by other drug traffickers to smuggle multi-kilogram quantities of methamphetamine (and heroin, on at least one occasion) from Mexico to various locations, to include through the United States (investigators believe the drugs entered the United States through the San Ysidro Port of Entry) and onward to East Asia." (Dkt. No. 136 at 2.)

[2] Count 1 of the Indictment charged that Petitioner did "willfully, knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and distribute 1 kilogram and more of a mixture containing a detectable amount of heroin, a Schedule I Controlled Substance." (Dkt. No. 43 at 1-2.)

structure of the criminal activity was significant" and that Petitioner's role was "greater than that of a mere courier." (*Id.* at 22.) The Court ultimately sentenced Petitioner to 60 months custody, 5 years of supervised release, no fine, and a $100 special assessment. (Dkt. No. 106.) Petitioner did not file a direct appeal of his sentence.

On November 1, 2015—approximately two weeks after Petitioner began his sentence—the United States Sentencing Commission put into effect Amendment 794, which amended the commentary to the minor role reduction guideline at U.S.S.G. § 3B1.2. *See* U.S.S.G. § 3B1.2, comment, n. 3(c) (2015). "The Commission did so because, after conducting an independent review, it found that minor role reductions were being 'applied inconsistently and more sparingly than the Commission intended.'" *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). The amendment provides a non-exhaustive list of factors a court should consider in determining whether to apply the minor role reduction. U.S.S.G. § 3B1.2, comment, n. 3(c) (2015).[3] The amendment did not change the text of § 3B1.2; it is contained wholly in Application Note 3(C).

In response to this amendment and a subsequent Ninth Circuit ruling, Petitioner filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 on

---

[3] These factors are:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, comment, n. 3(c) (2015). The determination is "based on the totality of the circumstances" and "heavily dependent upon the facts of the particular case." *Id.*

September 15, 2016. (Dkt. No. 125.) Petitioner seeks retroactive application of Amendment 794 to his sentence and contends that in light of the amendment's language, his role in the offense was minor. (*Id.* at 4-5.) He cites to his short-term role in the trafficking organization, limited role as a driver as opposed to an organizer, lack of decision-making authority, and the fact that he was never paid for his activities. (*Id.* at 4-5.)

In the Government's opposition, it argues that Petitioner's intimate role in the conspiracy, the amount of drugs involved, the sophistication required for international drug trafficking, and Petitioner's direct involvement with the drug trafficking organization—including packaging and shipping drugs internationally, laundering money, and communicating with co-conspirators—all preclude him from receiving a minor role reduction. (Dkt. No. 136 at 7-10.)

## II. LEGAL STANDARD

28 U.S.C. § 2255 authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

Upon review of Petitioner's motion and applicable law, the Court denies the motion for three reasons: (1) retroactive application of Amendment 794 is limited to claims raised on direct appeal; (2) Petitioner's Amendment 794 claim is procedurally

4

defaulted; and (3) Petitioner has failed to state a cognizable claim under § 2255. Moreover, even construing the motion as one for a sentence reduction under 18 U.S.C. § 3582(c), Petitioner is not entitled to relief.

**A. Retroactive Application of Amendment 794 is Limited to Cases on Direct Appeal**

In his § 2255 motion, Petitioner contends that Amendment 794 should be applied retroactively to his sentence. (Dkt. No. 125 at 4.) In support of this claim, Petitioner relies on *Quintero-Leyva*, in which a defendant, who was charged with importation of methamphetamine and sentenced to 72 months in prison, appealed his conviction in light of Amendment 794. 823 F.3d at 522. The Ninth Circuit held that, because it was intended as a clarifying amendment, Amendment 794 applies retroactively to direct appeals. *Id.* at 523; *accord United States v. Sanders*, 67 F.3d 855, 856 (9th Cir. 1995) ("The Ninth Circuit has consistently stated that when an amendment is a clarification, rather than an alteration, of existing law, then it should be used in interpreting the provision in question retroactively."); *see also United States v. Christensen*, 598 F.3d 1201, 1203 (9th Cir. 2010) (holding that an amendment limiting enhancements for unduly influencing a minor to engage in prohibited sexual conduct where the "minor" is actually an undercover officer applied retroactively where the defendant "timely appealed his sentence"); *United States v. Morgan*, 376 F.3d 1002, 1007, 1013 (9th Cir. 2004) (holding that an amendment excluding all interest from loss amount calculation was a clarifying amendment, warranting its retroactive application to the defendant's "timely appeals").

This Court has found no case law, however, applying Amendment 794 retroactively in a *§ 2255 motion*. In fact, when confronted with this very question, most courts have refused to extend *Quintero-Leyva* to collateral attacks. *See, e.g.*, *Colhoff v. United States*, No. 5:16-CV-05081-KES, 2017 WL 1365119, at *6 (D.S.D. Jan. 27, 2017) ("The Ninth Circuit's holding in *Quintero–Leyva* is inapposite to [Petitioner's] case—she appears before the court on *collateral review*, not on *direct appeal*."); *United States v.*

5

*Sanchez,* No. CR 14-078-ML, 2017 WL 394095, at *3 (D.R.I. Jan. 26, 2017) (finding that defendant's reliance on *Quintero-Leyva* was misplaced because the Ninth Circuit's holding "was specifically limited to direct appeals"); *Johnson v. United States*, No. 2:10-CR-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) (discounting Petitioner's reliance on *Quintero-Leyva* because "that case did not hold that such relief is available on collateral review, and other courts have concluded that it is not").

The Court agrees with these courts that the distinction between a direct appeal and a § 2255 motion is dispositive in determining whether Amendment 794 can apply retroactively. The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 167–68 (1982). Unlike an appeal, an action under § 2255 is "an independent and collateral inquiry into the validity of the conviction" that occurs outside the direct review process. *United States v. Hayman*, 342 U.S. 205, 222 (1952). Because Petitioner brings this argument by way of collateral attack, he cannot obtain retroactive application of Amendment 794 to his sentence.

**B. Petitioner's Amendment 794 Claim is Procedurally Defaulted**

Even assuming this Court could apply Amendment 794 retroactively upon Petitioner's § 2255 motion, Petitioner has procedurally defaulted his argument by failing to file a direct appeal of his sentence. Generally, defendants are precluded from bringing claims under § 2255 that were not raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 165–66 (1982). The Ninth Circuit, however, has made an exception to this rule for claims of constitutional violations. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Thus, when a defendant fails to assert a *nonconstitutional* sentencing error on direct appeal, she may not assert it in a § 2255 motion. *Schlesinger*, 49 F.3d at 485 ("[T]his court follows the rule that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255."); *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir.

6

3:14-cr-01857-GPC
3:16-cv-02324-GPC

1992) ("[Petitioner] makes a number of challenges to his sentencing not suggesting constitutional error, but these are all barred because he did not appeal.").

Here, despite being informed of his right to do so, Petitioner did not file a direct appeal. (*See* Dkt. No. 125 at 2.) His argument seeking retroactive application of Amendment 794 is not a constitutional claim. (*See* Doc. Nos. 125, 129.) By failing to raise that argument during a direct appeal, Petitioner is barred from raising it here. Accordingly, the Court need not reach the merits of Petitioner's claim because it is procedurally defaulted.

**C. Petitioner's Claim Fails to Meet the Requirements of § 2255**

Even if the Court could ignore all of these procedural obstacles, a § 2255 motion is not the proper vehicle for Petitioner to ask this Court for retroactive application of Amendment 794. The grounds for which a defendant can raise a collateral attack under § 2255 are far more limited than those available on direct appeal. *United States v. Addonizio*, 442 U.S. 178, 184, n.11 (1979) (citing the need for finality and judicial efficiency as reasons justifying § 2255's limited scope). As such, § 2255 can provide relief only where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The Supreme Court has interpreted the fourth category to mean errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); s*ee Peguero v. United States*, 526 U.S. 23, 27–30 (1999).

Here, failure to apply Amendment 794 does not result in an illegal or unconstitutional sentence. Nor does Petitioner claim any jurisdictional defects or an excessive sentence. The only question left is whether failure to apply Amendment 794 retroactively results in a "complete miscarriage of justice." *Hill*, 368 U.S. at 428. It does

7

not. In *Hamilton v. United States*, the Ninth Circuit held that the "district court's failure to apply a rule that had not yet been articulated at the time of sentencing" did not amount to a fundamental defect resulting in a complete miscarriage of justice. 67 F.3d 761, 764 (9th Cir. 1995). Relying on this precedent, courts in this district have similarly refused to provide relief in response to a § 2255 motion challenging the sentencing court's failure to apply guidelines not in effect at the time of sentencing. *See, e.g.*, *Stewart v. United States*, No. 12-CR-00461-H-1, 2017 WL 3174692, at *2 (S.D. Cal. July 26, 2017) (citing *Hamilton* and noting that collateral review under § 2255 does not allow for review of *all* claimed errors in sentencing).

Accordingly, Petitioner has failed to state a cognizable claim for relief under § 2255.

### D. Construed Under § 3582(c), Petitioner's Claim Fails

Petitioner's claims would have been more appropriately brought under 18 U.S.C. § 3582(c) as a motion for modification of his sentence. Generally, courts have liberally construed § 2255 motions brought by pro se litigants as § 3582 motions. *See e.g.*, *Hamilton*, 67 F.3d at 764 ("To do so is consistent with the duty of federal courts to construe pro se pleadings liberally."); *United States v. Perez-Carrillo*, No. 7:14CR00050, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016) ("Because Perez-Carrillo is proceeding without counsel, the court liberally construes her submission as a motion seeking reduction under 18 U.S.C. § 3582(c)."). Petitioner here, however, was appointed counsel. (Dkt. No. 128.) Instead of urging this Court to construe Petitioner's § 2255 motion as a § 3582 motion, and instead of raising any constitutional issues, Petitioner's appointed counsel filed a Supplemental Motion in support of Petitioner's § 2255 claim. (Dkt. No. 129.)

Still, even if the Court construed Petitioner's claim as a motion under § 3582(c), it would fail because clarifying amendments do not apply retroactively in a motion under § 3582. Generally, "a court may not modify a term of imprisonment once it has been

8

imposed." 18 U.S.C. § 3582; *see United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017). Section 3582(c)(2) provides an exception to that rule and allows a court to reduce a defendant's term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission if the "reduction is consistent with applicable policy statements by the Commission." 18 U.S.C. § 3582(c)(2). According to U.S.S.G. § 1B1.10, a court may reduce a defendant's terms of imprisonment under 18 U.S.C. § 3582(c) only when the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (d) below*." U.S.S.G. § 1B1.10(a)(1) (emphasis added); *see also id.* § 1B1.10(a)(2)(A) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant . . .").

Subsection (d) of § 1B1.10 does not list Amendment 794. *See* U.S.S.G. § 1B1.10(d). Therefore, retroactive application of Amendment 794 upon a § 3582 motion is not permitted. Other district courts have agreed with this conclusion. *See, e.g.*, *United States v. Yanez*, No. 16-CV-1964-LAB, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016) ("Amendment 794 is not retroactive for purposes of a § 3582 motion."); *United States v. Sprouse*, No. 2:12-CR-122, 2017 WL 218376, at *2 (E.D. Tenn. Jan. 18, 2017) (same); *United States v. Collins*, No. 2:14–CR–368, 2016 WL 6835063, at *1 (S.D. Tex. Nov. 21, 2016) (same). Thus, even if Petitioner's claim were construed as a § 3582(c) motion, the Court would reject Petitioner's request to reduce his sentence under Amendment 794.

**E. Certificate of Appealability**

To appeal a district court's denial of a § 2255 petition, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the

9

denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, no reasonable jurist could conclude that Petitioner is entitled to relief based on the arguments set forth in his § 2255 motion. Accordingly, the Court declines to grant Petitioner a certificate of appealability.

## F. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion to vacate, modify, or correct his sentence pursuant to Amendment 794. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: April 25, 2018

Hon. Gonzalo P. Curiel
United States District Judge